IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01549-MSK-MEH

DAVID A. HARBERSON,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY, d/b/a UNUM, UNUM Disability and Paul Revere Insurance, and
THE PAUL REVERE LIFE INSURANCE COMPANY,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Amend the Complaint [filed October 7, 2010; docket #21]. The matter is referred to this Court for disposition. (Docket #23.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

**I.**     **Background**

This case arises from a disability insurance policy purchased by Plaintiff and issued by Defendant Paul Revere Life Insurance Company. (Docket #21 at 2.) Plaintiff believes that Defendants improperly delayed and subsequently denied income benefits under the policy. (*Id*.) In this motion, Plaintiff seeks to amend his complaint as follows: "(1) omit Defendant UNUM Life Insurance Company as a party; (2) add UNUM Group as a party; and (3) add allegations about his right to recover punitive damages for the common-law tort of insurance bad faith." (*Id*. at 1.)

Defendants oppose this motion on two grounds. First, Defendants state that "UNUM Group has never assumed liability for the Policy, or any other insurance contract issued by one of its

subsidiaries." (Docket #25 at 2.) Thus, Defendants contend that adding UNUM Group in its capacity as a parent holding company of Defendant Paul Revere would be improper. (*Id.*) Second, Defendants assert that Plaintiff fails to meet his burden of establishing a triable issue regarding exemplary damages. (*Id.*) Moreover, Defendants argue that Plaintiff's claim for exemplary damages would be futile because Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6).

Pursuant to the Scheduling Order governing this matter, Plaintiff's motion is timely filed on October 7, 2010. (*See* docket #19 at 21.) The Court addresses each proposed amendment in turn.

**II.     Amendment pursuant to Rule 15(a): Addition of UNUM Group**

Plaintiff brings his request to "drop UNUM Life Insurance Company and add UNUM Group, the parent of The Paul Revere Life Insurance Company" pursuant to Fed. R. Civ. P. 15(a). (Docket #21 at 2-3.) Pursuant to Rule 15(a), once a responsive pleading to the complaint is filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party. The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2010). *See also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan*, 397 F.3d at 1315. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315. *See also Foman,* 371 U.S. at 182.

In the proposed Amended Complaint, Plaintiff brings one claim against UNUM Group: the Third Claim For Relief, alleging the tort of insurance bad faith against both Paul Revere Life Insurance Company and UNUM Group. (*See* docket #21-38 at 18.) In this claim, Plaintiff contends that these "Defendants acted jointly to administer and provide performance and obligations under

2

the contract of insurance" and were bound by the duty of good faith in doing so. (*Id.*) Plaintiff represents that the sought modification was "prompted by a clarification about . . . the handling of the disability benefits claim by The Paul Revere Life Insurance Company and UNUM Group, its parent." (Docket #21 at 2.)

In response, Defendants argue that "as a parent holding company, UNUM Group had absolutely no role in issuing [Plaintiff's] Policy or administering [Plaintiff's] claim for disability benefits under the Policy." (Docket #25 at 3.) Because UNUM Group has "no contractual relationship" with Plaintiff, Defendants believe it should not be included as a Defendant in this matter. (*Id.* at 4.)

Plaintiff counters this contention, stating that he brings only one claim against UNUM Group, alleging insurance bad faith. (Docket #26 at 2.) Plaintiff cites to Colorado case law in support of his assertion that "[a] claim of insurance bad faith is not limited to an insurer," but can extend to an insurance administrator. (*Id.* at 2-3, 6-7 (citations omitted).) Plaintiff describes how UNUM Group "participated in investigating the claim, in determining whether the claim should be paid, in requesting reports, and arranging for third-party services." (*Id.* at 4 (citing to Defendant's disclosures).) In consideration of UNUM Group's direct participation and its interrelationship with Defendant Paul Revere, Plaintiff avers that UNUM Group is subject to the same duties of good faith and fair dealing that bind Paul Revere as the contract holder. (*Id.* at 3-4.)

"If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. The Court believes Plaintiff adequately states facts alleging that UNUM Group, as an insurance administrator participating in the adjustment of a claim directly with the insured, is also subject to the duties of good faith and fair dealing. Accordingly, the interests of justice require

3

permitting Plaintiff to bring his bad faith insurance claim against UNUM Group to be tested on its merits. Therefore, the Court GRANTS Plaintiff's request to omit UNUM Life Insurance Company and add UNUM Group as a named Defendant.

### III.   Amendment to Include a Claim for Exemplary Damages

Plaintiff brings his request to add allegations of entitlement to exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. (Docket #21 at 3-4.) Plaintiff believes he demonstrates the existence of a triable issue as to whether Defendants engaged in willful and wanton conduct. (*Id.* at 4.) Plaintiff alleges that Defendants "engaged in active and concerted efforts to delay and deny insurance benefits" and delayed processing Plaintiff's claim from late 2004 until late 2009. (*Id.* at 6.) Plaintiff argues that Defendants knew of his financial distress, and the delay in processing his disability insurance benefits claim was intended to cause Plaintiff to settle for a decreased amount of benefits. (*Id.* at 6-7.)

The crux of Plaintiff's claim for exemplary damages appears to be the classification of Plaintiff's occupation by Defendants UNUM Group and Paul Revere. Plaintiff contends that he was a provider of physical therapy as of the start of his disability claim in August 2004, but Defendants distorted this occupation by classifying Plaintiff as engaged in "marketing, management, and administration of physical therapy services." (*Id.* at 9.) Plaintiff states "the evidence is [ ] uncontroverted that [he] primarily and regularly devoted his duties to important hands-on activity in patient interactions as a licensed physical therapist." (*Id.*) Therefore, as Plaintiff believes the mischaracterization of his occupation by Defendants caused their unreasonable delay in processing his claim, Plaintiff asserts that Defendants, knowing Plaintiff's true occupation, acted in reckless disregard of Plaintiff's rights to the disability insurance benefits. (*Id.* at 8-9.) In support of his motion, Plaintiff included numerous attachments consisting primarily of claim correspondence. (*See*

4

docket #21-2 (index of attachments).)

In response, Defendants argue that the attachments to Plaintiff's motion demonstrate "that Paul Revere had a perfectly reasonable basis to conclude that [Plaintiff's] duties . . . primarily involved management and business development." (Docket #25 at 6.) Moreover, Defendants contend that Paul Revere "made every effort to gain a better understanding of [Plaintiff's] occupational duties at the time of his disability and the reasons behind his loss of income." (*Id*. at 7.) Defendants state their investigation indicated that Plaintiff's loss of income was due "to factors other than his disability." (*Id*.) Defendants assert that the facts alleged in Plaintiff's Amended Complaint differ only slightly from those in the original Complaint, and such allegations would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*Id*. at 9-10.) Defendants aver that there is nothing in Plaintiff's presented evidence "that even remotely suggests that [Defendants] intentionally engaged in a course of conduct designed to cause [Plaintiff] injury." (*Id*. at 10.)

Plaintiff counters Defendants' suggestion that he must show a purposeful or deliberate intent on the part of Defendants to cause Plaintiff injury. (Docket #26 at 9.) Plaintiff states that he must demonstrate that Defendants were conscious of their conduct and that injury would result. (*Id*.) Plaintiff emphasizes his contention that Defendants' categorization of Plaintiff as a marketer or manager instead of a practitioner "is shown by the evidence to be a distortion," intended to "make [Plaintiff's impairment] irrelevant to his ability to perform the important 'duties' of his occupation." (*Id*. at 15.) Plaintiff contends Defendants "engaged in this distortion with knowledge that it was unreasonable" and in bad faith, justifying "an inference of willful and wanton conduct." (*Id*. at 15, 16.)

In Colorado, exemplary or punitive damages are available only by statute. The Colorado general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a), states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." C.R.S. § 13-21-102(1)(b). Thus, in order for an amendment seeking exemplary damages to be proper, the Court must find Plaintiff establishes *prima facie* proof of a triable issue that Defendants purposefully behaved in a reckless manner "without regard to consequences, or of the rights and safety" of Plaintiff.

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in & for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). Plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite *prima facie* proof of a triable issue. *Id*.

Here, the Court finds that Plaintiff presents *prima facie* proof that a triable issue of willful or wanton conduct exists.[1] The affidavits, insurer decision reports, medical evaluations and claim

---

[1] The Court declines to address Defendants' arguments pursuant to Fed. R. Civ. P. 15(a), as this analysis is guided by Colorado statute. *See Am. Econ. Ins. Co. v. William Schoolcraft,* No. 05-cv-01890-BNB, 2007 WL 160951, at *1-2 (D. Colo. Jan. 17, 2007) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n,* No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb. 13, 2006) (finding that court must give

correspondence attached by Plaintiff to his motion demonstrate to the Court that, at the least, a factfinder should have the opportunity to decide what Plaintiff's true occupation was, the extent of Defendants' knowledge of Plaintiff's true occupational duties, and to what extent that knowledge dictated Defendants' decision regarding Plaintiff's disability insurance claim. The evidence presented indicates that Defendants had knowledge that Plaintiff spent significant occupational time treating patients and that Plaintiff claimed disability based on his deteriorating ability to treat patients. However, the evidence also indicates conflicting information about Plaintiff's occupational duties, as provided by Plaintiff himself and as independently gleaned by Defendants; that is, whether his duties were primarily administrative or primarily therapeutic. This demonstrates to the Court that, although a jury could find no willful and wanton conduct on part of Defendants, the opposite is also true: a jury could conclude that Defendants' knowledge and subsequent conduct demonstrate recklessness without regard to the consequences for Plaintiff, giving rise to the facts of this lawsuit. Thus, pursuant to the standard prescribed by Colo. Rev. Stat. § 13-21-102, the Court finds Plaintiff establishes *prima facie* proof of a triable issue of exemplary damages.

The Court emphasizes to the parties that this order does not address the merits of awarding exemplary damages, nor does this order pre-adjudicate the alleged culpability of Defendants. The

---

effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also Siemens v. Romero,* No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *1 (D. Colo. Feb. 3, 2010) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *Arapahoe Cnty. Water & Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.,* No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *5-6 (D. Colo. Sept. 25, 2009) (applying without discussion Colo. Rev. Stat. § 13-21-102(1)(a), not Rule 15, to determine whether to allow amendment to add exemplary damages claim in diversity action); *State Farm Mut. Auto Ins. Co. v. Fisher,* No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. Apr. 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.,* No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. Mar. 26, 2009) (same).

Court simply recognizes that Plaintiff's claim is properly supported with evidentiary materials and should be permitted to proceed as a triable issue. Therefore, the Court GRANTS Plaintiff's motion as to the inclusion of a claim for exemplary damages.

**IV.     Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend the Complaint [filed October 7, 2010; docket #21]. The Clerk of Court is directed to enter the Amended Complaint located at docket #21-38.

Dated at Denver, Colorado, this 28th day of December, 2010.

                              BY THE COURT:

                              *Michael E. Hegarty*

                              Michael E. Hegarty
                              United States Magistrate Judge