IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01549-MSK-MEH

DAVID A. HARBERSON,

      Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY, referred to and doing business as Unum, doing business as Unum Disability, and doing business as UnumProvident, and
UNUM GROUP, referred to and doing business as Unum, doing business as Unum Disability, doing business as UnumProvident, and formerly known as UNUM Corp.,

      Defendants.

---

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

---

      This matter came before the Court based on the parties' stipulation.  The following protective Order is approved and adopted as an order of the Court.  The Court finds a reasonable need for protecting confidentiality of information and that need outweighs potential public interest in the information.

THEREFORE, THE COURT HEREBY ORDERS:

1.     The parties hereto recognize that some of the information, documents and other things disclosable or discoverable under the Federal Rules of Civil Procedure in this action may include confidential information.  Subject to and without waiving any of their objections, the parties shall disclose and produce such information, documents and other things, including trade secrets, private financial and personal health data, and other confidential information, as required under Fed.R.Civ.P. 26 or upon appropriate request, subject to this Protective Order Regarding Confidential Information.

2.     Each party to this action who produces or discloses any documents, things, interrogatory answers, deposition transcripts, or information, which the producing or disclosing party reasonably believes in good faith to comprise or contain confidential information, such as information that constitutes private health or financial data, or confidential research, development or commercial information, and which the producing or disclosing party desires to be subject to this Protective Order (hereinafter "Protected Subject Matter" or "Confidential Information"), may designate the same as "CONFIDENTIAL" on or before the date it is produced or disclosed, or at a later time subject to later protection.

3.     With respect to Protected Subject Matter produced or disclosed after the entry of this Order, all tangible items of Protected Subject Matter so designated must be visibly marked by the producing or disclosing party as "CONFIDENTIAL" to be subject to this Order.  With respect to the deposition of any party or any person employed by or acting on behalf of a party to this action, any lay witness or any expert, each party may designate the deposition examination as "CONFIDENTIAL."  The transcript of any such examination will be prepared in a separate document which shall be clearly labeled "CONFIDENTIAL" and treated as "Protected Subject Matter" under the terms of this Order.  The identification of deposition testimony and exhibits as "CONFIDENTIAL" may be made orally on the record during the depositions or in writing within thirty days of receipt of the transcript of such depositions.

4.     All Confidential Information subject to this Order by virtue of a claim by any party to this action  that it is confidential shall be retained by the other parties to this action and their counsel for no use other than the purposes of this litigation and shall be kept confidential other than as specifically authorized below.

5.     All Confidential information may be disclosed by counsel only to their law partners, co-

counsel, associate attorneys, legal assistants, law clerks, paralegals, and stenographic and clerical personnel associated with them (hereinafter "Counsel"); to other persons who may be engaged or retained by such parties to furnish specialized technical or expert services or consultation or to give expert testimony at the trial of this action (hereinafter "Experts"); and to parties and employees, members or representatives of the parties who a party reasonably believes need to see the information for the handling of the action or who a party in good faith believes may provide testimony at trial, including as fact witnesses at depositions (hereinafter these persons other than parties are called "Fact Witnesses").

6.      Prior to the disclosure of any Confidential Information to any Experts or Fact Witnesses in anticipation of their consultation or need to see information or preparation for their testimony, including Fact Witnesses summoned to testify pursuant to this Court's subpoena power, such persons and entities shall be furnished with a copy of this Order and shall agree in writing to be bound by this Order by signing the Acknowledgment attached hereto as Exhibit "A".

7.      Upon final determination of this action, including appeals, all parties and persons to whom any Protected Subject Matter has been disclosed or provided shall, upon request, return to the disclosing party or destroy all such Protected Subject Matter; provided, however, that this obligation shall not extend to any Protected Subject Matter embodied in materials protected by the attorney-client privilege or the work-product doctrine.

8.      Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Order shall not be construed as a waiver of any right to redact information or object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of disclosing or producing

information in the course of discovery.  In addition, the parties expressly acknowledge and agree that they do not waive any applicable privileges that may be asserted in this litigation by consenting to this Order.

9.      Any party who discloses or produces Protected Subject Matter which, through inadvertence, is not designated "CONFIDENTIAL" may subsequently make such designation in writing. Such subsequent designation shall be made within a reasonable time after the inadvertence is detected by that party. Upon the subsequent designation of Protected Subject Matter as "CONFIDENTIAL," the parties shall prospectively conform to the requirements of this Protective Order and shall use all reasonable efforts to retrieve copies of any Protected Subject Matter previously distributed to third parties.  However, there shall be no liability between or among the parties for the distribution to third parties of Protected Subject Matter prior to the time it is designated as "CONFIDENTIAL." Provided, however, that this provision is subject to the following:

Prior disclosures, discovery and shared information may be made expressly subject to this Order under this provision through a subsequent confidentiality designation. The parties have reasonably indicated and expected during this action that this Order would enter and would apply to any documents or information described, referred to or designated, in substance, as confidential. The parties have also, implicitly and expressly, stated expectations about or continued in effect during this action the pre-litigation confidentiality understandings that were established by them. That has occurred, for example, in depositions and disclosures touching on health care facts and earnings information. Those understandings, reservations of confidentiality and expectations remain valid.

10.     This Protective Order shall not prevent any of the parties from applying to the Court for

relief herefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.  This Order does not preclude the use or disclosure of information that is independently available or obtained.

11.     The parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and them for the purposes of enforcing this Order during and after the termination of this action.

12.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13.     Information designated as "Confidential" or "Protected Subject Matter" will not be presumed to be subject to seal by the Court.  The parties agree to seek an order to seal such

information, if filed before trial, but they accept the risk that the court may not agree.

Dated and entered at Denver, Colorado, this 28th day of March, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND APPROVED**

**BY THE PARTIES THROUGH COUNSEL:**

| | |
|---|---|
| _s/Dennis P. Walker_ | _s/Jack M. Englert, Jr._ |
| Dennis P. Walker | Jack M. Englert, Jr. |
| 4100 E. Mississippi Ave. | Holland & Hart LLP |
| Suite 1900 Mountain Towers | 6380 South Fiddlers Green Circle, Suite 500 |
| Denver, CO 80246 | Greenwood Village, CO 80111 |
| Telephone: (303) 999-9999 | Phone:    (303) 290-1087 |
| Facsimile:  (303) 320-1915 | Facsimile: (303) 290-1606 |
| E-mail: dwalker@coloradolawyers.com | E-mail: jenglert@hollandhart.com |
| **Attorney for Plaintiff** | **Attorneys for Defendants** |
| **David A. Harberson** | **UNUM & Paul Revere** |

James V. Pearson
Sean Patrick Paris
Pearson & Paris, P.C.
390 Union Blvd., Suite 250
Lakewood, CO 80228
Telephone: (303) 996-8610
Facsimile:   (303) 996-8611
E-mail: sparis@rockymountain-law.com
          jpearson@rockymountain-law.com
**Attorneys for Plaintiff**
**David A. Harberson**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10cv01549-MSK-MEH

DAVID A. HARBERSON,

      Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY, referred to and d/b/a UNUM, UNUM Disability, and UNUMProvident, and

UNUM GROUP, referred to and d/b/a UNUM, UNUM Disability, and UNUMProvident, and f/k/a UNUM Corporation,

      DEFENDANTS.

---

## EXHIBIT A TO PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

---

State of _____)

                                ) ss.

County of _____)

_____, the undersigned Fact Witness or Expert, as such terms are defined in the Protective Order Regarding Confidential Information ("Protective Order"), hereby acknowledges that he/she has been furnished with a copy of the Protective Order and agrees to be bound by this Order with respect to any Protected Subject Matter or Confidential Information which the undersigned may receive.

Dated this ____ day of _____, 2011.

_____

      Subscribed and sworn to before me by _____, this ____ day of _____, 2011.

_____
Notary Public

My commission expires: